IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVE A. CRANDALL, DOLLY BEULAH MILDRED CRANDALL, and GARY DAVID CRANDALL, | ) ) ) ) | |
| Plaintiffs, | ) ) | 8:10CV97 |
| v. | ) ) | |
| COUNTY OF SARPY, CITY OF PAPILLION, NEBRASKA REAL PROPERTY APPRAISER BOARD, ERIC PARKS, DANIEL E. HOINS, KATHERINE POLICKY, JAMES BAIN, DAVID L. HARTMAN, R. GREGG MITCHELL, BRADFORD MOORE, MATTHEW WILSON, PHILLIP BARKLEY, JOHN DOES, and JANE DOES, | ) ) ) ) ) ) ) ) ) ) | MEMORANDUM AND ORDER |
| Defendants. | ) ) | |

This matter is before the court on defendants' (James Bain, Phillip Barkley, David Hartman, R. Gregg Mitchell, Bradford Moore, Nebraska Real Property Appraiser Board, Katherine Policky, and Matthew Wilson) motion to dismiss plaintiffs' amended complaint, Filing No. 91, and a motion to dismiss by Daniel Hoins and the City of Papillion, Filing No. 95. Plaintiffs' amended complaint, Filing No. 88, alleges that plaintiffs owned property located in Sarpy County, Nebraska, for over 50 years. The County of Sarpy instituted condemnation proceedings in order to construct the Shadow Lake Towne Center Shopping Center. The County acquired the entire 6.25 acres of the plaintiffs' property. Plaintiffs filed the appropriate administrative appeals and then filed suit in Nebraska state court. The defendants then removed the case to federal court. Plaintiffs argue the case was ready

for trial in state court and, before trial, the defendants moved it to federal court. This court remanded the case to state court. The plaintiff has now filed this separate federal court civil rights action. The state court proceeding is still pending.

## BACKGROUND

Plaintiffs contend that the County of Sarpy failed to negotiate in good faith, as the County only offered them $1.34 per square foot for a total of $365,000.00. Plaintiffs also argue that not all the property was used for a public purpose (5.67 acres not utilized). Prior to the purchase of the plaintiffs' property by the County, a sanitary improvement district (S.I.D.) was created. The County of Sarpy allegedly made a deal to sell the unused property to defendant Eric Parks. Thereafter, the City of Papillion annexed the S.I.D.[1] Further, plaintiffs argue, the County of Sarpy received $1,236,015.00 on the remaining, unused property which equals $4.54 per square foot. Thus, argue plaintiffs, the County of Sarpy earned a profit of $871,015.00.

Plaintiffs contend the defendants have violated their rights in violation of 42 U.S.C. § 1983 (unlawful taking pursuant to the Fifth Amendment and Fourteenth Amendment of the United States Constitution and Articles I, § 21 and § 13 of the Nebraska Constitution). Further, plaintiffs allege that defendants violated 42 U.S.C. § 1985(2) by conspiring to deter by intimidation and threaten experts Dean Hokanson, Kevin Irish, Bernie Shaner, Ason Okoruwa and Robert Herink from attending or testifying at the eminent domain litigation. Plaintiffs allege multiple other conspiracies also under 42 U.S.C. § 1985.[2] Plaintiffs further

---

[1] Consequently, the City of Papillion is now responsible for any additional compensation this court might award to the plaintiffs.

[2] There are not, however, any claims of racial or class-based discrimination.

allege that defendant Parks tortiously interfered with their expectation for just compensation.

## STANDARD OF REVIEW

### A. Failure to State a Claim

Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rules require a "'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 n.3. (2007) (*quoting* Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (*quoting Twombly*, 550 U.S. at 555). In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable and 'that a recovery is very remote and unlikely.'" *Id.* (*quoting Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)). "On the assumption that all the allegations in the complaint are true (even if doubtful in fact)," the allegations in the complaint must "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555-56. In other words, the complaint must plead "enough facts to state a claim for relief that is plausible on its face." *Id.* at 547. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* — U.S. —, —,129 S. Ct. 1937, 1949 (2009) (stating that the plausibility standard does not require a probability, but asks for more than a sheer possibility that a defendant has acted unlawfully.).

*Twombly* is based on the principles that (1) the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions and (2) only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at —, 129 S. Ct. at 1949-50. Determining whether a complaint states a plausible claim for relief is "a context-specific task" that requires the court "to draw on its judicial experience and common sense." *Id.* at —, 129 S. Ct. at 1950. Accordingly, under *Twombly*, a court considering a motion to dismiss may begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. *Id.* Although legal conclusions "can provide the framework of a complaint, they must be supported by factual allegations." *Id.* When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.*

Thus, the court must find "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim. *Twombly,* 550 U.S. at 558, 556; *Dura Pharms., Inc. v. Broudo,* 544 U.S. 336, 347 (2005) (explaining that something beyond a faint hope that the discovery process might lead eventually to some plausible cause of action must be alleged). When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, the complaint should be dismissed for failure to set a claim under Fed. R. Civ. P. 12(b)(6). *Twombly,* 550 U.S. at 558; *Iqbal,* — U.S. at —,

129 S. Ct. at 1950 (stating that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'").

### B.   Subject Matter Jurisdiction

Under Fed. R. Civ. P. 12(b)(1), a court is required to dismiss a claim if the court lacks subject matter jurisdiction over it.  However, a dismissal based on lack of subject matter jurisdiction will not be granted lightly.  *Wheeler v. St. Louis S.W. Ry.*, 90 F.3d 327, 329 (8th Cir. 1996).  "Federal jurisdiction is limited by Article III, § 2, of the U.S. Constitution to actual cases and controversies."  *Steger v. Franco, Inc.*, 228 F.3d 889, 892 (8th Cir. 2000)

### C. Abstention

Even though the court has jurisdiction, it may decline to exercise it under the doctrine of abstention.  *See Bassler v. Arrowood,* 500 F.2d 138, 142 (8th Cir. 1974).  The district court has discretion to decline jurisdiction when its action would needlessly interfere with the state's administration of its own affairs.  *Id.* (noting abstention was proper in a case that involved a pending state court appeal involving the same issues).  Similarly, abstention is proper where obscure questions of state law are involved that are peculiarly within the expertise of the state courts.  *Giardina v. Fontana,* 733 F.2d 1047, 1051 (2d Cir. 1984).

The court notes that "abstention is an extraordinary and narrow exception to the virtually unflagging obligation of federal courts to exercise the jurisdiction given them."  *In re Burns & Wilcox, Ltd.*, 54 F.3d 475, 477 (8th Cir.1995).  "Younger abstention applies to federal claims for declaratory relief and injunction relief."  *Foreman v. Heineman,* 240 F.R.D. 456, 523 (D. Neb. 2006).  The court notes that the plaintiffs in this case did not raise

5

the §§ 1983 and 1985 claims in their state court litigation. However, "The pertinent issue is not whether the plaintiffs' claims were raised in the pending state proceedings, but whether they could have been raised." *Foreman*, 240 F.R.D. at 530.

Under *Younger*, federal courts should not enjoin pending state criminal prosecutions, except in extraordinary circumstances, based on traditional principles of equity, comity, and federalism. *Younger v. Harris*, 401 U.S. 37, 44 (1971). The *Younger* doctrine extends to noncriminal state court proceedings, including administrative proceedings, if: 1) there is an ongoing state judicial proceeding; 2) important state interests are implicated; and 3) there is an adequate opportunity to raise constitutional challenges in the state proceedings. *Alleghany Corp. V. McCartney,* 896 F.2d 1138, 1142 (8th Cir. 1990). "Abstention is an extraordinary and narrow exception to the virtually unflagging obligation of federal courts to exercise the jurisdiction given them." *In re Otter Tail Power Co.,* 116 F.3d 1207, 1215 (8th Cir. 1997). *Younger* abstention is inapplicable in the absence of an ongoing state proceeding. *In re Burns & Wilcox, Ltd.,* 54 F.3d 475, 478 (8th Cir. 1995). To grant an order of abstention, the court must consider:

(1) Whether concurrent jurisdiction exists between the state and federal actions and whether there is an ongoing state judicial proceeding;

(2) Whether state interests are negatively affected by an order of abstention; and

(3) Whether there is adequate opportunity in state proceedings to raise constitutional challenges.

See *Middlesex v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982); *Night Clubs, Inc. v. City of Fort Smith*, 163 F.3d 475 (8th Cir. 1988). According to the doctrine of abstention, a federal court may defer to a state court to resolve a controversy that possesses

6

concurrent jurisdiction between state and federal courts in an issue or case. See *Dailey v. National Hockey League*, 987 F.2d 172, 178 (3d Cir. 1993).

### D. 42 U.S.C. § 1985(2)

Section 42 U.S.C. § 1985(2) states:

(2) Obstructing justice; intimidating party, witness, or juror

If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; *or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;* (Emphasis added.)

## DISCUSSION

*Motion to Dismiss or Abstain*, Filing No. 91

Defendants Nebraska Real Property Appraiser Board, Phillip Barkley, James Bain, David Hartment, Katherine Policky, Gregg Mitchell, Matthew Wilson and Bradford Moore ask this court to dismiss and abstain from the current federal action. These defendants argue the court should abstain under *either Younger* or *Colorado River* abstention principles. See *Younger v. Harris*, *supra*; *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817-18 (1976) (dismissal of federal action based on "wise judicial administration" in exceptional circumstances). Defendants contend that there is currently a state court proceeding in Nebraska with essentially the same issues.

Plaintiffs oppose the motion to dismiss. Plaintiffs argue the claims in the state case are limited to the inaccurate evaluation and failure to negotiate in good faith. Those are the only claims, argue plaintiffs, that can be brought in an appeal from a condemnation action under Neb. Rev. Stat. § 76-715 and § 76-720. Plaintiffs state they are not challenging the taking in this court nor are they asking this court to intervene in the state case. Plaintiffs agree that they have a remedy in state court for the alleged wrongful compensation. In this court plaintiffs appear to be challenging: the alleged interference by the City of Papillion in the eminent domain litigation (unsuccessfully tried to intervene, and taking plaintiffs' right to a fair trial and for unjust compensation); whether defendant Parks interfered with the right of just compensation by giving information to the City of Papillion and thwarting plaintiffs' right to just compensation and by filing a complaint against experts who supplied opinions in the eminent domain litigation; the failure to permit plaintiffs' expert reports to be offered into evidence, although the experts apparently filed suit and ultimately will be allowed to testify in the eminent domain litigation; the use of appraisers that plaintiffs believe were not objective; and the allowance of complaints to be filed against plaintiffs' experts. Plaintiffs disagree that they have a state court remedy for the intimidation of witnesses and violation of civil rights similar to what they would have under §§ 1983 and 1985.

The court finds there is an ongoing state judicial proceeding, that condemnation and public use are important state interests, and that the plaintiffs have an adequate opportunity to raise all of their constitutional issues in state court. *See Middlesex*, 457 U.S. at 432. The court further determines that if it were to decide the constitutional issues raised by the plaintiffs, it could directly or indirectly interfere with the state court eminent

domain proceedings. The court agrees with the defendants that the state does have a significant interest in eminent domain.

Also, the court is of the opinion that this case is not even ripe for consideration, particularly where these alleged actions arise from the same set of facts as revolve around the takings claim. There has been no showing that the state court has adjudicated this case and has deprived plaintiffs of their constitutional rights. *See Remmen v. City of Ashland*, 2009 U.S. Dist. LEXIS 85797 (D. Neb. September 18, 2009).

Additionally, the court finds that plaintiffs have failed to allege any class-based animus as required under the second prong of § 1985(2) for the claim of intimidation. *See Harrison v. Springdale*, 780 F.2d 1422, 1429-30 (8th Cir. 1986). Likewise, § 1985(3) has a requirement of race or class-based animus, and it is not designed for recovery of economic injury. *Adams v. Boy Scouts of America*, 271 F.3d 769, 778 (8th Cir. 2001) (absence any evidence of animus or race-based claims, one can't conclude that the parties "engaged in a conspiracy motivated by racial discrimination); *Gill v. Farm Bureau Life Ins. Co.*, 906 F.2d 1265, 1270 (8th Cir. 1990) (no economic injury). Accordingly, the court additionally finds that plaintiffs in any event have failed to allege any cognizable causes of action under § 1985.

The same is true for plaintiffs' § 1983 claims. Plaintiffs primarily ask for compensation for their lost property in their § 1983 claim. Plaintiffs have admitted that they cannot ask for compensation in this court for the alleged unjust taking. Given this court's decision to abstain from this case, plaintiffs have failed to allege any other civil rights claim that should be addressed by this court at this time.

Therefore, the court finds that the motion to abstain should be granted and these defendants dismissed from this lawsuit.

*Motion to Dismiss, Filing No. 95*

The City of Papillion and Daniel E. Hoins likewise move to dismiss the amended complaint on the basis of abstention and for failure to state a claim and lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)1) and (b)(6). Filing No. 95. These defendants agree with the analysis and arguments of the other defendants that the federal action will disrupt the ongoing state proceeding. Accordingly, the court will likewise grant their motion to dismiss on the basis of abstention, for all the reasons previously set forth herein.

THEREFORE, IT IS ORDERED:

1. The defendants' motion to dismiss, Filing No. 91, is granted; and

2. The defendants' motion to dismiss, Filing No. 95, is granted.

DATED this 27th day of December, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.